Doderidge, J. and Whitlock, J.
It is not: on the authorities of 34 E. 3. 1. F. det. 162. 13 E. 4. 9. 3 rep. Ridgway's case. F. Barre 253. 3 E. 6. Brait. Escape 43. 45. Likewise in waste, reparation.before the writ as a good plea, but not pending the suit.

Jones, J.

The bringing the suit was a lawful act and charge, and the escape is a tort. It is not reasonable that having once a cause of action, he should delay his suit for seven years, in order to see whether the defendant would retake the prisoner; and that he should pay costs on the retaking, being barred of his action. Yet certain things happening pending the suit shall be pleaded in bar; as in Wroth and Wig’s case, 4 rep. 45. 47. Conviction, pending the appeal, pleaded in bar of it. 3 rep. 90. Purslow’s case. Pending the formedon, proclamation passes; it is a bar.
The opinion of the court upon this point was with the plaintiff.
2. The plaintiff pleads the retaking before the exhibition of the bill, viz. 8 May, 10 Jac. which in truth was after the bill. Therefore the viz. shall be void.
Doderidge, J. When a viz. is contrary to what is alledged before, it is void.
Jones, J. The viz. here vitiates the plea. For the plea is bad, unless the day of the reprical is shewn: because the time is *material; as if it be before the bill, it makes for the defendant. But where that which comes under the *202 viz. is not material: there if it be contrary to what precedes, the viz. is void: As in H. 43 El. Drake and Young. In trover, the plaintiff shews that he was possessed, and postea lost the thing, and it came to the plaintiff's hands. The postea, viz. talie die, which in truth was before the time of the possession: there the viz. is void, and the declaration good.
3. The plaintiff declares on a voluntary escape, and the defendant shews a negligent one, without traverse: which is bad.
Jones, J. and Doderidge, J. e contra. It is well without a traverse.
Whitlock, J. Clearly; it is.
3. The judgment was 18 Ann. H. term, the cap. awarded T. 19 Jac. to the sheriff of London, who arrested the party. 24 Jun. 19 Jac. and it is alledged that 21 Jun. Ann. 10. supradict. habeas corpus was awarded to the Mayor, and the party committed to the Marshalsea, which cannot be. Therefore he not being well committed to the Marshall the latter cannot well be charged with an escape; for the day is out of the term, and the year mistaken.
Jones, J. The habeas corpus, although it issues out of term, ought to be dated in term time. Therefore, notwithstanding the party was arrested after the date of the habeas corpus, to wit. the date of the term, and the imprisonment was after the term; yet it is well, by the usage of the court.

Richardson.

This answers the objection about the day: but the year is also mistaken.
Andrews. The bill on the file is ann. 19 Jac. although the declaration is 10. So it is only a mistake of the clerk.
And the court was thereupon adjourned; and afterwards the plaintiff had judgment.
Justification of an escape in London, retaking in Surry; it is well traversed, averring that it is eadem escapia. And it was objected, that the law says that est culp. d’escape. Plowd. 36. Plat’s case. 13 H. 7. 1. 10 E. 4. 10.
As to the matter of the viz. A case was put between Bigrave and Short, P. 5. Jac. In ejectione firmæ, the plaintiff declares of a term 10 Jac. et quod postea tali die. ann. 3. the defendant ejected him, and this was held no reason to arrest the judgment. Jones 144. Noy 93. Bendl. 185. Godb. 493. 1 Roll. 809. 2 Cr. 96, 428.